IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EVERA COOKS                                                                                    PLAINTIFF

v.                                          Civil No. 4:21-cv-04084

MCKENZIE HARRIS et al.                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983. ECF No. 1. This Complaint was originally filed by four Plaintiffs: LaShea M. Cooks, Jason D. Woods, ShamaJay D. Woods, and Evera Cook. On March 21, 2022, all Plaintiffs but Evera Cook were terminated for their failure to prosecute this action and for their failure to follow an order of the Court. ECF No. 20. Evera Cook is the only remaining Plaintiff.

On June 14, 2022, Defendants Steve King and Southern Health Partners, LLC filed the current Motion to Dismiss for Failure to Join Indispensable Parties. ECF No. 25. Plaintiff Evera Cook has not responded, and the time to respond has expired. *See* Local Rule 7.2(b).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and in accordance with the foregoing, the Court finds Plaintiff Evera Cook has failed to join indispensable parties in this action. As such, this case must **DISMISSED.**

**I.     Background:**

As noted above, the only remaining Plaintiff in this action is Evera Cook. According to her Complaint, this lawsuit is a wrongful death lawsuit:

> Markeisah Montgomery ("Montgomery") died in the Miller County Detention Center ("MCDC") on November 14, 2018. Montgomery was known by defendants to suffer from schizophrenia and bi-polar disorder. She was nude from the waist down when brought to MCDC by Texarkana, Arkansas Police Department on November 11, 2018. For the next fifty two hours Montgomery engaged in bizarre behavior. She slapped a correctional officer during intake, smeared bodily fluids and excrement throughout her cell, was pepper sprayed at least twice, and reported by defendants to be severely mentally distraught during the incarceration. By November 13, 2018 Defendant Warden Walker considered Montgomery to pose a "clear and present danger" to herself and/or others. Thus, she should have been closely monitored by jail staff. Instead she was ignored for hours, even after she fell silent after hours of screaming in her cell.
>
> Montgomery was pepper sprayed in her cell shortly after midnight on November 13, 2018. She was pepper prayed with full knowledge that the jail was dangerously understaffed and de-contamination could not be accomplished. Montgomery was dead some seven hours later.

ECF No. 1 at 12.

**II.    Discussion:**

With the Motion currently before the Court, Defendants Steve King and Southern Health Partners, LLC claim this case must be dismissed because this is a wrongful death action and not all indispensable parties are joined. ECF No. 25. This Court agrees.

The Arkansas Wrongful Death statute provides the following: ". . . [e]very action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." ARK. CODE ANN. § 16-62-102. The "heirs at law" include the decedent's siblings. *See, e.g., Rice v. Tanner,* 363 Ark. 79, 82 (2005) (affirming the circuit court's grant of summary judgment and finding "decedent's siblings were 'heirs at law'").

It very well-established law in Arkansas that a wrongful death lawsuit cannot proceed without the joinder of *all* of the "heirs at law." *See Ramirez v. White County Circuit Court,* 343 Ark. 372 (2001). It is also undisputed that the decedent's siblings, Jason D. Woods and ShamaJay

2

D. Woods, as well as the decedent's mother, LaShea M. Cooks, are not joined in this action. *See* ECF No. 1 at 13. Indeed, these individuals were dismissed without prejudice from this action. There has been no demonstration that the remaining Plaintiff, Evera Cook, is the personal representative of the decedent's estate. Thus, under the clear language of the Arkansas Wrongful Death statute, the Court recommends this Motion to Dismiss (ECF No. 25) be **GRANTED**, and Plaintiff's case be dismissed without prejudice.

### III. Conclusion:

For the foregoing reasons, this Court recommends Plaintiff's Complaint be **DISMISSED** without prejudice. Furthermore, even though only two Defendants filed this Motion, because the Motion addresses the entire action, the Court recommends Plaintiff's entire Complaint, including claims against all Defendants in this action, be dismissed without prejudice.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st day of August 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE